UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

GARRICK JORGENSEN,              )
             )
       Plaintiff,          )
             )
       v.             )      No. 1:23-cv-01883-SEB-CSW
             )
UNITED STATES OF AMERICA,    )
             )
       Defendant.       )

**Order Granting Motion to Dismiss and Directing Entry of Final Judgment**

This action was initiated after Garrick Jorgensen filed a motion in his criminal proceedings seeking the return of property that was seized during his arrest. Dkt. 1; dkt. 2. The United States has moved to dismiss Mr. Jorgensen's complaint as moot because the property has been destroyed. Dkt. 7.

The Court agrees that Mr. Jorgensen's present complaint is moot. The only relief Mr. Jorgensen seeks is the return of his property. Dkt. 2 at 2. Because the property has been destroyed, the Court cannot provide the relief Mr. Jorgensen seeks. *See Ruggles v. Ruggles*, 49 F.4th 1097, 1099 (7th Cir. 2022) ("A matter is moot if it becomes impossible for a federal court to provide any effectual relief to the plaintiff." (cleaned up)).

Ordinarily, the Court would allow Mr. Jorgensen an opportunity to amend the complaint to state a claim based on the destruction of his property. *See United States v. Norwood*, 602 F.3d 830, 835−36 (7th Cir. 2010). Here, however, amendment would be futile. Mr. Jorgensen asserts in his response to the motion to dismiss that "none of the property seized was personal property of Plaintiff." Dkt. 10 at 2. In making this representation, Mr. Jorgensen concedes that he lacks standing to sue for the destruction of the property at issue. And, in any event, Mr. Jorgensen waived

any right to challenge his forfeiture of the property at issue when he pleaded guilty in his criminal

prosecution:

> **19. Forfeiture:** The Defendant admits that the property listed below constitutes contraband, was used to facilitate, or constitutes the fruits of the commission of the offense(s) to which he is pleading guilty, and, therefore, is subject to forfeiture to the United States. He abandons all right, title, and interest in the property listed below so that proper disposition, including destruction, may be made thereof by federal, state, or local law enforcement agencies involved in the investigation of his criminal activity, without further notice or obligation whatsoever owing to him. He further agrees not to contest any forfeiture action brought against and consents to the forfeiture of any of the property listed below, whether any such forfeiture action is administrative, judicial, civil, or criminal, and agrees not to contest any use or destruction of any of the property described below by any federal, state, or local law enforcement agency.

> **20. Forfeited Property:** The Defendant agrees to forfeit to the United States all of the personal property or other assets he used in connection with these offenses. These assets were taken from him by law enforcement authorities during the investigation and presently remain in their custody. This includes all of his cellular phones, digital devices, and storage media, which he knows are already in law enforcement custody, having been obtained from his residence in Ohio. He acknowledges that he is fully aware of the precise nature and type of these items and does not require them to be listed herein. He understands and agrees that all of these items were listed in the search warrant return and he acknowledges that this search warrant return was provided to him previously. *See* Attachment A.

> **21. Waiver and Consent to Forfeiture:** The Defendant consents to the entry of orders of forfeiture for such property and waives the requirements of Rules 32.2 and 43(a), Fed. R. Crim. P., which concern notice of the forfeiture in the charging document, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. He understands that the forfeiture of assets is part of the sentence in this case and waives any failure by the Court to advise him of this, pursuant to Rule l l(b)(l)(J), at the time his guilty plea is accepted.

> **22. Waiver of Forfeiture Challenges:** The Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

*United States v. Jorgensen*, No. 1:17-cr-75-SEB-MJD, dkt. 58, at pp. 9−10; *see id.*, dkt. 61 (list of

items subject to forfeiture).

Accordingly, the motion to dismiss, dkt. [7], is **GRANTED** and Mr. Jorgensen's complaint

is **DISMISSED** for lack of jurisdiction. Final judgment shall now issue.

      **IT IS SO ORDERED.**


Date:   5/20/2024

                                  SARAH EVANS BARKER, JUDGE
                                  United States District Court
                                  Southern District of Indiana

Distribution:

GARRICK JORGENSEN
62417-060
ELKTON - FCI
ELKTON FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 10
LISBON, OH 44432

Kelly Rota
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
kelly.rota@usdoj.gov